## KIRK *vs.* McALLISTER.

[BILL IN EQUITY FOR FORECLOSURE OF MORTGAGE.]

1. *Service of process or appearance necessary.*—A decree in chancery cannot be sustained, on appeal by the defendants, unless the record shows that they were brought before the court, either by the service of process upon them, publication against them as non-residents, or answer or appearance by them.

2. *Contents of transcript.*—Papers which are not made exhibits to the bill or answer, nor referred to in the proceedings or decree, nor made part of the record by order of court, cannot be looked to for any purpose on appeal, though incorporated in the transcript by the clerk or register.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. N. W. COCKE.

THE bill in this case was filed, on the 29th June, 1861, by James McAllister, against Robert S. Kirk and Elizabeth A. Kirk; and sought to foreclose a mortgage on a parcel of land in the city of Mobile. The mortgage was not made an exhibit to the bill; but a copy of it is set out in the transcript, before the clerk's memorandum showing when the bill was filed, and also what purports to be a consent on the part of the defendants, in the following words: "We, Elizabeth A. Kirk and Robert S. Kirk, consent to the decrees and orders prayed for in this bill of complaint, and consent to such at the next term of the chancery court at Mobile, this 10th day of July, 1861."

The decree of the chancellor, which is next copied into the transcript, is as follows: "In this cause, it is ordered and decreed, that the mortgage and note made by the defendants to the complainant be credited with the sum of $773 96, the surplus of the purchase of said land and premises by the complainant at the sale made by the register in the suits by Barnard and Charles Fricke, at the date of said sale; and that the equity of redemption of said defendants, in said land and premises, be forever foreclosed; and that the title to said land and premises be vested absolutely in said complainant, by virtue of the said sale made by the register in the suits of Barnard and Charles Fricke, and that the complainant pay the costs of this suit." The chancellor's decree is now assigned as error by the defendants.

GEO. N. STEWART, for appellants.
JOHN HALL, contra.

A. J. WALKER, C. J.—A decree was rendered against the defendants in the court below. It does not appear that there was any process issued against them, or publication against them as non-residents, or answer, or appearance by them, or a decree pro confesso against them, or any evidence adduced. Two instruments—a written consent by the defendants, and a mortgage—are copied by the register into the transcript before us. They are not noticed, or referred to, in the proceedings in the cause, or in the decree. The record does not disclose that they were ever presented to the court, or that the register had any authority to incorporate them in the record. It is well settled, that papers thus circumstanced are not parts of the record, and cannot be looked to on appeal in this court.—Cobb v. State, 19 Ala. 18; Thomason v. Odum, 31 ib. 108; Stodder v. Grant & Nickles, 28 ib. 410; Cantaline v. State, 33 ib. 439; Franklin v. Heard & Due, 31 ib. 516; Richardson v. State, 31 ib. 347. If papers so situated could be deemed matter of record, it would be in the power of the register at will to dictate and control the contents of the record, and the decision of the cause in this court.

The decree itself suggests the probability that it was based upon some consent, not made a matter of record, and upon some facts occurring after the bill was filed, which are not presented in the pleading; and it was so stated upon the argument. The bill, in the farther proceedings of the cause, will be probably improved by amendment and the addition of supplemental matter. It is therefore not necessary for us to notice the other points made upon the argument.

The decree was rendered without the bringing of the parties before the court, and without any authority discoverable from the record; and it is therefore reversed, and the cause is remanded.